IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUANN SILK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1522 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM ORDER

CONTI, District Judge.

On October 13, 2004, this action was referred to United States Magistrate Judge Francis X. Caiazza in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules for Magistrates. The Magistrates Act allows the parties ten (10) days from the date of service to file written objections to a Report and Recommendation. The magistrate judge's Report and Recommendation (the "Report") filed on August 29, 2005, recommended that the district court grant the defendant's motion for summary judgment (Doc. No. 8) and deny the plaintiff's motion for summary judgment (Doc. No. 6). Service of the Report was made on all parties. The plaintiff filed objections (Doc. No. 11) on September 13, 2005. The defendant filed a response to those objections (Doc. No. 12) on October 5, 2005 .

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and objections thereto, the court adopts the Report of Magistrate Judge Caiazza (Doc. No. 10) dated August 29, 2005, as the opinion of the court except with respect to the administrative law judge's findings relating to the plaintiff's credibility concerning

her fatigue, the weight given to the opinion of the plaintiff's treating physician concerning the symptom of fatigue caused by the plaintiff's fibromyalgia, and the description of the plaintiff's limitations relating to her fibromyalgia in the hypothetical posed to the vocational expert ("VE"). The court finds that there is not substantial evidence in the record to support those findings. The court further finds that the matter should be remanded to the Commissioner for proceedings consistent with this opinion.

*Discussion*

An administrative law judge's duty to develop fully the record "exists even when the claimant is represented by counsel. . . ." Schwartz v. Haller, 134 F.Supp.2d 640, 656 (E.D. Pa. 2001). Here the administrative law judge found that the plaintiff, among other severe impairments, had the impairment of fibromyalgia. (Record ("R.") at 15-16.) The administrative law judge discussed the administration's policy concerning fibromyalgia and noted, among other things, that typical symptoms may include "severe fatigue." (R. at 18.) The administrative law judge also commented that "the evidence shows the claimant has osteoarthritis, and a history of fibromyalgia characterized by fatigue and headaches. . . . (Ex. 12F; 18F; and Testimony)." (R. at 18.)

Notwithstanding these findings, the administrative law judge found that plaintiff's "subjective complaints" were "exaggerated and inconsistent with the totality of the evidence, including with the clinical and objective findings of record." (R. at 19.) The administrative law judge was persuaded by the findings and conclusions of the state agency physician–rather than by the plaintiff's treating physician's opinion, which the administrative law judge found to be not

supported by that physician's own findings and to be inconsistent with other substantial evidence. (R. at 22.) Finally, in the hypothetical posed to the VE and relied upon by the administrative law judge, the administrative law judge referred to "a diagnosis of <u>some</u> fibromyalgia, somewhat relieved by her medications without significant side effects except for occasional sleepiness and tiredness." (R. at 23 (emphasis added).) In reviewing the medical evidence of record, however, the court can find no support for the assessment of plaintiff's credibility relating to her fatigue or for the disregard for the treating physician's opinion regarding the fatigue caused by the fibromyalgia.

This case is strikingly similar to <u>Kurilla v. Barnhart</u>, 2005 WL 2704887 (E.D. Pa. Oct. 18, 2005), except that the administrative law judge in <u>Kurilla</u> erred in the fourth step of the sequential evaluation while here the administrative law judge erred in the fifth step of the sequential evaluation. There, the district court in remanding the case to the Commissioner so that the subjective complaints of the complainant could be fully considered noted that

> fibromyalgia is a difficult disease to diagnose due to the fact that "there are no laboratory tests for the presence or severity of fibromyalgia". . . . "The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness, and–the only symptom that discriminates between it and other diseases of a rheumatic character–multiple tender spots, more precisely [eighteen] fixed locations on the body (and the rule of thumb is that the patient must have at least [eleven] of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch". . . [The doctor] reported that [the claimant] had [eighteen] of [eighteen] trigger spots. Moreover, [the claimant] complained of the type of "pain all over," fatigue, disturbed sleep, and stiffness symptomatic of fibromyalgia.

<u>Kurilla</u>, 2005 WL 2704887 at *3 (citing <u>Sarchet v. Chater</u>, 78 F.3d 305, 306-07 (7th Cir. 1996)). The plaintiff's complaints in the instant case are similar to those of the claimant in <u>Kurilla</u>.

In Kurilla, the court also commented:

> The credibility of [claimant's] subjective complaints is especially important because one of his severe impairments is fibromyalgia. Fibromyalgia is defined as "any of a group of nonarticular rheumatic disorders characterized by pain, tenderness, and stiffness of muscles and associated connective structures." Kosiba v. Merck & Co., 384 F.3d 58, 62 n.3 (3d Cir. 2004) (defining fibromyalgia). It is a "elusive and mysterious" impairment because it lacks "both a clear etiology and objective diagnostic testing capable of verifying the legitimacy of accompanying symptoms." Klimas v. Conn. General Life Ins. Co., No. 04-5408, 2005 U.S. Dist. LEXIS 18555 at *34 (E.D. Pa. Aug. 17, 2005) (citing Green-Younger v. Barnhart, 335 F.3d 99, 108 (2d Cir. 2002) (noting that fibromyalgia is a "disabling impairment" without "objective tests which can conclusively confirm the disease"); Sarchet v. Chater, 78 F.3d 305, 306-07 (7th Cir. 1996) (finding that symptoms of fibromyalgia are "entirely subjective," as "there are no laboratory tests for the presence or severity of fibromyalgia")). Therefore, due to the subjective nature of his fibromyalgia, determining whether the ALJ properly assessed [claimant's] credibility is a fundamental part of the larger question–whether substantial evidence supports the ALJ's determination that [claimant] was not disabled.

Id.

Here the opinions relied upon and given weight by the administrative law judge do not mention plaintiff's fibromyalgia and appear to have been prepared without the benefit of that diagnosis. For example, Dr. Massoud found during an examination of the plaintiff on July 10, 2003, that plaintiff's chief complaints were "bone spur, rotator cuff tear, kidney problem, hypertension, diabetes, and depression." (R. at 227.) There is no mention of plaintiff's fibromyalgia, which was found to be a severe impairment by the administrative law judge. (R. at 227-31.) Dr. Logle, the state agency physician whose opinion was relied upon by the administrative law judge, (R. at 21-22), noted a secondary diagnosis of "HTN" (presumably, "hypertension") and other alleged impairments of "bone spur, LRD, rot cuff tear." (R. at 250-

4

51.) While the handwriting of the agency physician leaves much to be desired, the court could find no mention of plaintiff's fibromyalgia in the report prepared by that physician. (R. at 250-57.)

Plaintiff's treating physician noted plaintiff's fibromyalgia on April 10, 2003 (R. at 289), July 24, 2003 (R. at 287), and January 8, 2004 (R. at 305). The treating physician also completed a physical capabilities evaluation on December 3, 2003, and noted that the plaintiff suffered from fatigue and the reasonable medical basis for the plaintiff's fatigue included, as the first reason among others, fibromyalgia. (R. at 303.)[1]

There is nothing in the record which reflects what medications were being used to treat the plaintiff's fibromyalgia. Given the paucity of the record with respect to plaintiff's symptomology of fibromyalgia and treatment of that disease and because neither the examining physician nor the state agency physician had the benefit of that diagnosis in rendering their opinions, the record needs to be more fully developed in order for this court properly to review it. The administrative law judge, like the administrative law judge in Kurilla, simply did not have an adequate record to assess the plaintiff's credibility–her symptoms were consistent with the diagnosis of fibromyalgia–and to weigh properly the medical opinions.

Additionally, as in Kurilla, the VE in this case would have found no jobs available if the treating physician's opinion had been accepted by the administrative law judge. Since the record relating to the plaintiff's fibromyalgia was not adequately developed, the hypothetical relied upon

---

[1] The treating physician's conclusion that the fatigue would prevent the plaintiff from working full-time, including working in a sedentary position, is a decision for the administrative law judge and the administrative law judge appropriately gave that conclusion no weight. (R. at 303.) See Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994) (treating physician's opinion that claimant is disabled or unable to work is not dispositive).

by the administrative law judge may have been defective and warrants a remand on that basis. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987) (finding that if a hypothetical is defective, the VE's response cannot be considered substantial evidence).

For these reasons, and because the record is not developed sufficiently for the court to assess it, the court cannot find substantial evidence to support the administrative law judge's decision with respect to plaintiff's credibility regarding her fatigue, the weight to be given to the opinion of the treating physician, and whether all the plaintiff's limitations were included in the hypothetical posed to the VE. The cross-motions for summary judgment (Doc. Nos. 6 and 8) are denied and the case is remanded to the Commissioner for proceedings consistent with this opinion. A consultative exam should be conducted regarding the effects of the plaintiff's fibromyalgia on her residual functional capacity and an assessment performed by a rheumatologist experienced in the diagnosis and treatment of fibromyalgia should be obtained. Given the subjective nature of fibromyalgia, the administrative law judge should have the benefit of a consultative exam which has addressed the plaintiff's fibromyalgia and its symptoms, as well as an assessment by a rheumatologist.

### *Conclusion*

AND NOW, this 31st day of October, 2005;

IT IS HEREBY ORDERED that the Defendant's Motion for Summary Judgment (Doc. No. 8) is DENIED.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Summary Judgment (Doc. No. 6) is DENIED.

IT IS FURTHER ORDERED and ADJUDGED that this case shall be remanded to the Commissioner for further proceedings consistent with this opinion. The clerk shall mark this case closed.

/s/ Joy Flowers Conti<br>
Joy Flowers Conti<br>
United States District Judge

Dated: October 31, 2005

cc: Francis X. Caiazza
    Chief U.S. Magistrate Judge

    Counsel of Record